IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Norman J. Burch, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Hattaway Enterprises, Inc., Dun-Right Services, Inc., and Trevor L. Hickson, <br><br> Defendants. | C/A # 4:25-cv-4794-JD <br><br> **COMPLAINT** <br> **(Jury Trial Demanded)** |

The Plaintiff, Norman J. Burch, Jr., by and through the undersigned, complaining of the Defendants Hattaway Enterprises, Inc. and Dun-Right Services, Inc., herein, alleges:

1. That Plaintiff Norman J. Burch, Jr. (hereinafter, "Plaintiff") is a resident and citizen of Savannah, in the State of South Carolina.

2. That Plaintiff is informed and believes that Defendant Trevor L. Hickson (hereinafter, "Defendant Hickson") is a resident and citizen of Florence County, State of South Carolina.

3. That Plaintiff is informed and believes that Defendant Hattaway Enterprises, Inc. (hereinafter, "Hattaway"), is a corporation organized and existing under the laws of South Carolina and owns property, employs agents and transacts business in Florence County, South Carolina.

4. That Plaintiff is informed and believes that Defendant Dun-Right Services, Inc. (hereinafter, "DRS") is a corporation organized and existing under the laws of South Carolina, and owns property, employs agents and transacts business in Florence County, State of South Carolina.

5. That at all times hereinafter mentioned, Defendant Hickson acting in his individual capacity or as the agent, servant and employee of Defendants Hattaway and/or DRS.

6. That heretofore, on or about June 24, 2022, at or around 1:40 PM, Defendant Hickson, operating with permission, a vehicle owned by Defendants Hattaway and/or DRS, did rear-end Plaintiff's vehicle on Interstate 95, forcing both vehicles off the roadway, all of which occurred near the town of Coosawhatchie, in the county of Jasper, State of South Carolina (hereinafter, the "Collision").

7. At all times relevant hereto, Defendant Hickson was operating Defendants Hattaway and/or DRS's 2019 Ford F550, bearing license plate number P697561 (VIN #: 1FD0W5HTXKEG87886), with the permission of same and while in the course and scope of employment.

8. That as a result of the Collision, Plaintiff was injured and damaged as more specifically hereinafter set forth.

9. That this Court has jurisdiction over the parties and subject matter, and venue is proper.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence, Gross Negligence, Negligence *per se*)**

10. Plaintiff reiterates and realleges each and every Paragraph above as if set forth herein, verbatim.

11. That the injuries and damages sustained by Plaintiff were caused and occasioned by the willful, wanton, reckless, careless, negligent and unlawful conduct on the part of Defendants in one or more of the following particulars, to-wit:

   (a) In failing to have the vehicle equipped with adequate brakes or if the said automobile was equipped with adequate brakes, in failing to properly apply the same;

   (b) In driving a vehicle in an unsafe condition upon the roadways of the State of South Carolina;

   (c) In driving a vehicle at an excessive rate of speed, too fast for the conditions then and there existing;

    (d)      In failing to yield the right of way to Plaintiff;

    (e)      In failing to keep a proper lookout;

    (f)      In failing to maintain proper control over the vehicle which Defendants were operating;

    (g)      In failing to avoid colliding with Plaintiff's vehicle after having ample opportunity to do so, thus failing to exercise the doctrine of last clear chance;

    (h)      In driving said vehicle into and against Plaintiff's vehicle;

    (i)      In failing to give any warning or signal to Plaintiff that a collision was about to occur;

    (j)      In following too closely;

    (k)      In changing lanes improperly;

    (l)      In passing unlawfully;

    (m)      In driving a motor vehicle in a dangerous and improper manner without regard for the rights of others on said road; and,

    (n)      In such other ways as may be determined through discovery in this matter.

All of the above being in violation of the laws of the State of South Carolina.

    12.      That Defendant Hickson is liable to Plaintiff for all injuries and damages arising out of the subject collision, Defendants Hattaway and/or DRS are liable to Plaintiff for all injuries and damages arising out of the subject collision, and Defendants Hattaway and DRS are also liable to Plaintiff for all injuries and damages, either directly or indirectly under the doctrine of *respondeat superior* for its negligent acts or omissions and the negligent acts or omissions of its employees.

    13.      That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of Defendants, Plaintiff suffered injuries and damages as set forth herein.

## FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision)

14.    Plaintiff reiterates and realleges each and every Paragraph above as if set forth herein, verbatim.

15.    That the injuries and damages sustained by Plaintiff were caused and occasioned by the willful, wanton, reckless, careless, negligent, and unlawful conduct on the part of Defendants Hattaway and/or DRS in one or more of the following particulars, to-wit:

(a)    In failing to properly and adequately check background of Defendant Hickson before hiring him/her to operate a vehicle;

(b)    Failing to properly and adequately investigate and/or screen Defendant Hickson to ensure that he/she was physically qualified to operate Defendant Hattaway's vehicle;

(c)    Hiring or contracting with Defendant Hickson to drive one of its vehicles;

(d)    Failing to properly and adequately train Defendant Hickson to properly operate its vehicle;

(e)    Entrusting Defendant Hickson to drive its vehicle;

(f)    Failing to properly and adequately supervise Defendant Hickson;

(g)    Failing to promulgate and enforce appropriate rules and regulations to insure that its drivers, such as Defendant Hickson, were reasonably safe drivers;

(h)    Failing to properly and adequately warn or instruct its drivers, such as Defendant Hickson, to not attempt hazardous maneuvers;

(i)    In failing to maintain and/or prevent the destruction and/or loss of documents, recorded statements, records, photographs, reports, and other tangible items related to this Collision;

(j)    In failing to routinely monitor the mechanical status of the subject vehicle; and

(k)    In such other ways as may be established or learned through discovery.

16.    All of above being in violation of the laws of the State of South Carolina.

17. That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of Defendants, Plaintiff suffered injuries and damages as set forth herein.

## DAMAGES

18. Plaintiff reiterates and realleges each and every Paragraph above as if set forth herein, verbatim.

19. That as a direct and proximate cause of said negligence, wantonness, recklessness and unlawfulness on the part of Defendants, Plaintiff Burch, Jr. was thrown violently in and about the automobile; that Plaintiff was greatly and severely injured in and about Plaintiff's head, neck, arms, body, back, limbs and other parts of the Plaintiff's body; that Plaintiff was rendered sick, sore, lame, disabled, bruised and shocked thereby and continues so to be; that all of such injuries have caused Plaintiff extreme and excruciating pain continuously to this date and Plaintiff will suffer such pain in the future; that as a direct and proximate result of the negligence of Defendants, as aforementioned, Plaintiff suffered severe bruises, lacerations and contusions and great pain and suffering.

20. That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of Defendants:

(a) Plaintiff was committed to the hospital and will be required to enter the hospital in the future for long and extensive periods of time;

(b) Plaintiff was confined to the care and treatment of skilled physicians and nurses; that Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future; that Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(c) Plaintiff was hindered and prevented, and in the future will be hindered and prevented from transacting and attending to Plaintiff's necessary and lawful affairs since the date of the collision and loss and was deprived of divers gains, profits, salaries,

    pleasures, advantages, and earning capacity and ability which Plaintiff would have otherwise derived and acquired;

(d)  Plaintiff was in the past, present and will continue in the future to be put to great expense for medicine and drugs;

(e)  Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and hospitals and will continue to have such expenses in the future for consultations and treatment;

(f)  Plaintiff's previous good health has been permanently impaired.

(g)  Plaintiff has suffered a loss of wages and in the future will suffer a loss of wages due to the injuries received.

21.  That as a direct and proximate result of the negligence, wantonness, recklessness, carelessness and unlawfulness on the part of Defendants:

(a)  Plaintiff's automobile and other personal property was extensively damaged;

(b)  It will be necessary for Plaintiff to incur expenses for the repair or replacement of the automobile and other personal property;

(c)  Plaintiff will be without the use of the automobile and personal property during the time that it is undergoing repairs if it can be repaired or its replacement;

(d)  Plaintiff's automobile and personal property will greatly depreciate in value due to its wrecked condition.

22.  That Plaintiff is informed and believes that he is entitled to an award of actual and punitive damages as a result of the negligence, gross negligence, and negligence *per se*, as set forth above.

**WHEREFORE**, Plaintiff respectfully asks for judgment against the Defendants for actual damages and punitive damages, the cost of this action, and for such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Florence, South Carolina | **s//***Alexander S. Hogsette* |
| | **Alexander S. Hogsette, Esq.** |
| June 2, 2025 | *Attorney for Plaintiff* |
| | Federal Bar No. 11907 |
| | |
| | **TEMPLE & HOGSETTE LAW GROUP, LLC** |
| | 170 Courthouse Square |
| | Post Office Box 1770 |
| | Florence, SC  29503-1770 |
| | Phone:  (843) 662-5000 |
| | Email:   ashogsette@thlawsc.com |